UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES BROOKS, #351208,

        Plaintiff,

                                   CASE NO. 2:11-CV-10741
v.                                 HONORABLE PAUL D. BORMAN

KYM WORTHY, et al.,

        Defendants.
_____/

**<u>OPINION AND ORDER OF SUMMARY DISMISSAL</u>**

**I.    Introduction**

The Court has before it Michigan prisoner Charles Brooks' *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. In his complaint, Plaintiff raises claims of malicious prosecution, false imprisonment, unconstitutional conviction, and ineffective assistance of counsel and alleges that he was deprived of time from society and suffered discomfort/injury to his health. He names Wayne County Prosecutor Kym Worthy, Assistant Wayne County Prosecutor Joseph Jansen, Wayne County Circuit Court Judge Leonard Townsend, Attorney Shahanur Rahman, and Detroit Police Sergeant Julius Moses as the defendants in this action. He sues them in their official capacities and seeks monetary damages.

Having reviewed Plaintiff's complaint, the Court now dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted and on the

basis of immunity.  The Court also concludes that an appeal from this decision would be frivolous and cannot be taken in good faith.

## II.     Factual Allegations

Plaintiff makes the following factual allegations in his complaint:

I was tried by Leonard Townsend in August 2008 in 3rd Circuit Court, Wayne County, MI.  During the course of pre-trial and trial my constitutional rights and rights under MCR 6.005 were violated.  Leonard Townsend allowed the trial to go forward with the knowledge that Shahanur Rahman had told the court that I had no right to legal counsel.  Joseph Jansen, asst prosecutor, allowed the trial to go forward, knowing that Julius Moses had willingly lied.  Kim Worthy signed off on all documentation, and allowed a conviction to be issued based upon blatant violations of my constitutional rights. . . . Case was appealed and sentence vacated because of these issues.

Complaint, p. 3.

Plaintiff attaches an order from the Michigan Court of Appeals in Wayne County Case No. 08-007165 to his complaint.  In that order, the Michigan Court of Appeals vacated Plaintiff's judgement of conviction "because the lower court failed to comply with MCR 6.005 and *People v. Anderson*, 398 Mich 361; 247 NW2d 857 (1976) in determining whether defendant knowingly, intelligently, and voluntarily waived the right to counsel" and remanded the case for a new trial. *People v. Brooks*, No. 293637 (Mich. Ct. App. Oct. 19, 2009).

The Michigan Department of Corrections Offender Tracking Information System ("OTIS") indicates that, on remand, Plaintiff entered a plea to six counts of armed robbery, one count of felon in possession of a firearm, and one count of possession of a firearm during the commission of a felony in Wayne County Case No. 08-007165 and was sentenced to 14 to 20 years imprisonment on the armed robbery convictions, one to five years imprisonment on the felon in possession conviction, and two years imprisonment on the felony firearm conviction on January 27, 2010.  *See*

Offender Profile, http://www.state.mi.us/mdoc/asp/otis2profile.asp?mdocNumber=351208.  This Court is permitted to take judicial notice of information on OTIS.  *See Ward v. Wolfenbarger*, 325 F. Supp. 2d 818, 821 n. 3 (E.D. Mich. 2004).

### III.   Legal Standards

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails

3

to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *see also Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of his rights was intentional, not merely negligent. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Having reviewed the pleadings with this standard in mind, the Court finds that Plaintiff's complaint is subject to summary dismissal.

## IV.  Analysis

Plaintiff's complaint, which lists conclusory claims of malicious prosecution, false imprisonment, unconstitutional conviction, ineffective assistance of counsel, deprivation of time from society, and injury to his health, is subject to dismissal because Plaintiff challenges his state court criminal proceedings and resulting convictions. This fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. A claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment, *see Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973), not the validity of continued confinement. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid,

4

until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254).  This holds true regardless of the relief sought by the plaintiff.  *Id*. at 487-89.

*Heck* and other Supreme Court cases, when "taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).  The underlying basis for the holding in *Heck* is that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments."  *Heck*, 512 U.S. at 486.

Plaintiff apparently believes that he can maintain the present causes of action under § 1983 because his initial convictions were vacated on appeal.  Such is not the case.  Although Plaintiff's 2008 convictions were vacated, the case was remanded for re-trial – and it appears that he subsequently was re-convicted and re-sentenced on those convictions.  Consequently, he cannot seek damages through a civil rights action.  *See Akers v. Bishop*, 65 F. App'x 952, 954 (6th Cir. May 2, 2003) (unpublished, citing *Heck* and ruling that plaintiff could not maintain civil rights or RICO action where he was convicted following retrial); *accord DiBlasio v. City of New York*, 102 F.3d 654, 658 (2d Cir. 1996) (rejecting malicious prosecution claim); *Jones v. Bayspringer*, No. 2:10-CV3323 KJN P, 2011 WL 66677, *3 (E.D. Cal. Jan. 7, 2011) (stating that *Heck* requires a "favorable termination" before a person can bring a civil rights action challenging a conviction and ruling that the plaintiff could not prevail on claims arising from the reversal of his conviction because he had been re-convicted and re-sentenced on greater charges and would have been in prison anyway);

5

*Jackson v. Barnes*, No. 04-08017 RSWL (RZ), 2009 WL 1096276, *16 (C.D. Cal. April 21, 2009) (adopting magistrate judge's report); *Nemes v. Korngut*, No. 08-2814 (RMB), 2008 WL 5401609, *7-9 (D. N.J. Dec. 24, 2008) (ruling that reversal of a criminal conviction allowing for re-trial is not a "favorable termination" such that malicious prosecution and related claims challenging police investigation had not yet accrued); *Stein v. Clark Co.*, No. C02-5097 FDB, 2007 WL 1747173, *2 (W.D. Wash. June 15, 2007) (plaintiff could not maintain false imprisonment action where he had been re-convicted and was given sentencing credit for prior incarceration); *Stein v. County of Westchester*, 410 F. Supp. 2d 175, 179-180 (S.D.N.Y. 2006) (finding that any civil rights claim challenging underlying conviction will be barred by *Heck* if plaintiff is re-convicted on re-trial, even on lesser charges); *Somerville v. Hagood*, No. 2:01-CV-1454-R, 2002 WL 31246773, *4 (N.D. Tex. Aug. 12, 2002) (adopting magistrate judge's report finding that *Heck* barred fraudulent indictment claim for damages where plaintiff was re-convicted).

Additionally, the fact that Plaintiff appears to have been re-convicted pursuant to a plea, rather than a jury trial, is of no consequence. "Since a guilty plea is the equivalent of a conviction, his claims under § 1983 must fail." *McNeill v. People of New York*, No. 06-CV-4843 (NGG), 2006 WL 3050867, *3 (E.D.N.Y. Oct. 24, 2006) (quoting *Hernandez v. City of New York*, 2004 WL 2624675, *5 (S.D.N.Y. Nov. 18, 2004) and citing *Spies v. Brown*, 2002 WL 441991, *2 (E.D.N.Y. March 13, 2002) (guilty plea constitutes conviction barring § 1983 claims for false arrest and malicious prosecution)). Plaintiff's claims challenging his criminal proceedings must therefore be dismissed for failure to state a claim upon which relief may be granted.

Moreover, even if Plaintiff's claims were not barred by *Heck*, they would still be subject to dismissal for failure to state a claim upon which relief may be granted. Plaintiff's claims of malicious prosecution, false imprisonment, ineffective assistance of counsel, deprivation from

society, and injury, as set forth in his complaint, are purely conclusory.  It is well-established that conclusory allegations are insufficient to state a civil rights claim under § 1983.  *See Maldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009) (setting forth elements of malicious prosecution claim, which requires a favorable termination, and dismissing claim where plaintiff made only vague and conclusory allegations of false evidence); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Iqbal*, 129 S. Ct. at 1948-49; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998).  Furthermore, the Michigan Court of Appeals order attached to the complaint indicates that Plaintiff's initial convictions were vacated due to the failure to comply with state trial procedures, not due to a lack of probable cause, insufficient evidence, false testimony, or Plaintiff's innocence.

Plaintiff's claims against defense attorney Shahanur Rahman must also be dismissed because Rahman is not a proper defendant in a civil rights action brought pursuant to § 1983.  It is well-settled that retained or appointed attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under § 1983.  *See Polk Co. v. Dodson*, 454 U.S. 312, 317-18 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004).  Plaintiff's claims against defendant Rahman must therefore be dismissed for this additional reason.

Plaintiff's claims for monetary damages against several defendants are also subject to dismissal based upon immunity. Plaintiff sues Wayne County Prosecutor Kym Worthy, Assistant Wayne County Prosecutor Joseph Jansen, and Wayne County Circuit Judge Leonard Townsend for damages in their official capacities.  Such claims are barred by sovereign immunity.  The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity.  *See Will*

*v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  Eleventh Amendment immunity also applies to state employees who are sued in their official capacities.  *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).  The State of Michigan has not consented to be sued for civil rights actions in federal court, *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986), and Congress did not abrogate Eleventh Amendment immunity when it enacted § 1983.  *Quern v. Jordan*, 440 U.S. 332, 341 (1979).  The Michigan courts operate as arms of the state, and are entitled to the same sovereign immunity as the State of Michigan.  *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 762-64 (6th Cir. 2010); *see also Chambers v. Michigan*, No. 10-12509, 2011 WL 940830, *3-4 (E.D. Mich. March 16, 2011); *Young v. District & Supreme Cts. of Mich.*, No. 2:10-CV-15144, 2011 WL 166331, *2 (E.D. Mich. Jan. 18, 2011) (citing cases); *Brown v. Michigan Dep't of Corr., et al.*, No. 2:10-CV-12649, 2010 WL 5056195, *2 (Dec. 6, 2010).  Such sovereign immunity extends to judges and prosecutors in the Michigan courts who are sued in their official capacities.  *See Pucci*, 628 F.3d at 764; *Cady*, 574 F.3d at 342-45.  Defendants Worthy, Jansen, and Townsend are thus entitled to Eleventh Amendment immunity and Plaintiff's claims against them in their official capacities for damages must be dismissed.

Furthermore, even if Plaintiff had sued those three defendants in their individual capacities for damages, his claims against them would be subject to dismissal based upon immunity.  Defendants Worthy and Jansen are entitled to absolute immunity because Plaintiff challenges their conduct in bringing and prosecuting criminal charges against him.  It is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process.  *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002); *see also Van de Kamp v. Goldstein*, _ U.S. _, 129 S. Ct. 855, 861 (2009).  This immunity covers a prosecutor's decision to file a criminal complaint.  *See*

*Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997). It also applies even when a prosecutor acts wrongfully or maliciously. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (prosecutor absolutely immune from suit for allegedly conspiring to present false charges to the grand jury). Defendants Worthy and Jansen are entitled to absolute prosecutorial immunity on any personal claim for damages arising from their actions as advocates for the government in Plaintiff's criminal proceedings.

Defendant Townsend is also entitled to absolute immunity. Judges and judicial employees are entitled to absolute judicial immunity on claims for damages. *See Mireles v Waco*, 502 U.S. 9, 9-10 (1991) (per curiam) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).[1] Plaintiff's claims against defendant Townsend concern the performance of his judicial duties. Defendant Townsend is entitled to absolute immunity on any personal claim for damages arising from such conduct.

## V.      Conclusion

The Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his complaint, that defendant Rahman is not a state actor subject to suit under § 1983, and that defendants Worthy, Jansen, and Townsend are entitled to immunity on Plaintiff's claim for damages. Accordingly, the Court **DISMISSES** his civil rights complaint

---

[1]The Court notes that the 1996 amendments to § 1983 extended absolute immunity for state judges to requests for injunctive or equitable relief. *See* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable"); *see also Kipen v. Lawson*, 57 F. App'x 691 (6th Cir. 2003) (discussing federal judges' immunity); *Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006); *accord Asubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006); *Hass v. Wisconsin*, 109 F. App'x 107, 113-14 (7th Cir. 2004); *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000).

pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  The Court further concludes that an appeal

from this order would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3);

*McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

      **IT IS SO ORDERED**.


                          S/Paul D. Borman
                          PAUL D. BORMAN
                          UNITED STATES DISTRICT JUDGE

Dated:  May 2, 2011

CERTIFICATE OF SERVICE

Copies of this Order were served on:

**Charles Brooks**

351208

CARSON CITY CORRECTIONAL FACILITY

10522 BOYER ROAD

CARSON CITY, MI 48811

by  U.S. Mail on May 2, 2011.


                          S/Denise Goodine
                          Case Manager